DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas.
On September 19, 1999, appellant, Paul Seegert, entered the unoccupied home of John Snyder without Snyder's permission. Appellant took approximately thirty firearms from Snyder's home. On September 25, 1999, appellant robbed a gas station at gunpoint. On September 26, 1999, appellant robbed a sandwich shop at gunpoint. He robbed another sandwich shop on September 27 and on September 28, 1999, appellant robbed a carry-out at gunpoint. Appellant admitted to a severe "crack" cocaine addiction.
On October 8, 1999, appellant was indicted on two counts of burglary, four counts of aggravated robbery and one count of carrying a concealed weapon (Case No. CR99-2675).[1] On October 15, 1999, appellant was indicted on another count of aggravated robbery (Case No. CR99-2723).
On December 20, 1999, in Case No. CR99-2675, appellant entered guilty pleas to one count of burglary, a violation of R.C. 2911.12(A)(2) and a second degree felony. He also entered guilty pleas to three counts of aggravated robbery, violations of R.C. 2911.01(A)(1) and first degree felonies. One of the robbery counts included a firearm specification. He was sentenced to eight years in prison for burglary and nine years in prison for each count of aggravated robbery. He received an additional three years in prison for the firearm specification. All of the sentences were ordered served consecutively.
Also on December 20, 1999, in Case No. CR99-2723, appellant entered a guilty plea to one count of aggravated robbery with a firearm specification. He was sentenced to nine years in prison plus an additional three consecutive years for the firearm specification. His sentence in Case No. CR99-2723 was ordered served consecutively with his sentence in Case No. CR99-2675. In sum, appellant was sent to prison for fifty years.[2] Appellant now appeals setting forth the following assignment of error:
 "DEFENDANT APPELLANT'S SENTENCE ARE NOT SUPPORTED BY THE RECORD."
R.C. 2953.08(G)(1) provides:
 "The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *
"(d) That the sentence is otherwise contrary to law."
R.C. 2929.14(B) states in pertinent part:
 "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
R.C. 2929.14(C) states:
 "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
R.C. 2929.13(D) states:
 "(D) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
 "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
R.C. 2929.14(E) states:
 "(1) If a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(d) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division and shall serve all mandatory prison terms imposed under those divisions consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (D)(2), or (D)(3) of this section or any other section of the Revised Code and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."
The purposes and principles of sentencing are set forth in R.C.2929.11 as follows:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
R.C. 2929.12 provides:
 "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
"(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(9) If the offense is a violation of section 2919.25
or a violation of section 2903.11, 2903.12, or 2903.13
of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
"(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
"(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense.
"(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense."
In sentencing appellant for burglary, the court noted that appellant committed the crime while he was under a community control sanction for the misdemeanor offense of obstructing official business. The court expressed concern that most of the stolen firearms had been sold on the street and the police had recovered only a few. The court found that the shortest prison term possible would demean the seriousness of the offense and would not adequately protect the public. R.C. 2929.14(B). The court further found that "the defendant [had] committed absolutely, unequivocally, the worst form of this offense and clearly poses the greatest likelihood of recidivism."
In sentencing appellant for the robberies, the court also found that the crimes were committed while appellant was under a community control sanction. The court found that pursuant to R.C. 2929.14(B), that the shortest prison terms would demean the seriousness of the offenses and would not adequately protect the public. As to each of the robbery offenses, the court found that the appellant "did create tremendous harm; it was great and clearly unusual." The court, in ordering the sentences in Case No. CR99-2675 and CR99-2723 to be served consecutively, found that consecutive sentences were necessary to fulfill the purposes under R.C. 2929.11 and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses.
Appellant contends that the record in this case does not support the court's conclusion that appellant committed the worst forms of these offenses.[3] Appellant argues that the worst form of these offenses would involve injury or death to the victims. The elements of R.C.2911.12(A)(2), burglary, are as follows:
 "No person, by force, stealth, or deception, shall do any of the following:
"* * *
 "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;"
The elements of aggravated robbery, R.C. 2911.01, are as follows:
 "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;"
Appellant broke into his friend's home for the sole purpose of stealing firearms. Appellant took approximately thirty firearms and sold them illegally thereby creating a general threat to the public at large. Appellant contends this factor is irrelevant but we disagree. Appellant's sale of illegal firearms stemmed from his burglary. In illegally selling the firearms, appellant merely extended his circle of victims. Appellant threatened his robbery victims with a loaded, operable firearm. A defendant does not have to cause injury or death in order to commit the offenses of burglary and aggravated robbery.
Upon a review of the elements of the two crimes against the facts in this case, we clearly and convincingly find that appellant's sentences are supported by the record. Appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
 ________________________________ Melvin L. Resnick, J.
 Richard W. Knepper, P.J., JUDGE CONCUR.
James R. Sherck, J., dissents.
[1] Pursuant to a plea agreement, the state nollied one count of burglary, one count of aggravated robbery and one count of carrying a concealed weapon.
[2] At the time of his sentencing, federal bank robbery charges were pending against appellant.
[3] Appellant has not argued that his sentence was inconsistent "with sentences imposed for similar crimes committed by similar offenders" pursuant to R.C. 32929.11(B).